IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA S. HEADRICK, | |
| Petitioner, | |
| v. | Case No. 23-cv-01753-NJR |
| SALINE COUNTY, ILLINOIS, | |
| Respondent. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Joshua Headrick, an inmate in the custody of the Saline County Jail, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 asserting that his constitutional rights have been violated while defending numerous cases in Saline County, Illinois.

This matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition, the Court concludes that this action must be dismissed.

Absent special circumstances, the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), directs that this Court should abstain from interjecting itself into pending state judicial proceedings. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).

Special circumstances are generally limited to issues of double jeopardy and speedy trial, *Braden*, 410 U.S. at 489-92.

"In considering a defendant's Sixth Amendment speedy trial challenge, [the] [Seventh] [Circuit] appl[ies] the following four-part test: 'whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result.'" *United States v. White*, 443 F.3d 582, 589 (7th Cir. 2006) (quoting *Doggett v. United States*, 505 U.S. 647, 651–52 (1992)). "The flag all litigants seek to capture is the second factor, the reason for delay." *United States v. Loud Hawk*, 474 U.S. 302, 315, (1986).

The factors do not support Headrick's speedy trial argument. Headrick asserts he was arrested around September 2022 and thus is approaching being in custody for over a year. (Doc. 1-1, p. 1). *See White*, 443 F.3d at 590 (noting that "[t]he length of delay, approximately nine months, is within the range that we have found long enough to warrant a more searching analysis"); *United States ex rel. Fitzgerald v. Jordan*, 747 F.2d 1120, 1127 (7th Cir. 1984) (acknowledging that "[c]ertainly the fact that the petitioner has been awaiting the outcome of the State's appeal for some eight months is enough to provoke an inquiry into the particular circumstances of the delay in this case"). The second factor weighs slightly against Headrick as *he* appears to have requested most of the

continuances. *See* 2019-CF-595, 2021-CF-197, 2022-CM-5, 2022-DV-50, 2022-CF-90, 2022-CF-208, 2022-CF-314, and 2023-CF-153.[1]

As far as Headrick's active cases, 2019-CF-595, 2021-CF-197, 2022-CM-5, 2022-CF-90, 2022-CF-208, and 2023-CF-153, he has only made a speedy trial demand in 2019-CF-595,[2] and the docket entries do not suggest Saline County Court has heard arguments on this issue.[3] A failure to assert one's speedy trial right "will make it difficult for a defendant to prove that he was denied a speedy trial." *United States v. Oriedo*, 498 F.3d 593, 597 (7th Cir. 2007) (quoting *Barker v. Wingo*, 407 U.S. 514, 532 (1972) ("[w]e emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial")). Finally, Headrick fails to argue as to whether he suffered prejudice because of any alleged delay. *See Cole v. Beck*, 765 F. App'x 137, 139 (7th Cir. 2019) (noting that the petitioner "cannot point to any prejudice that outweighs the concerns underlying the delay") (citing *United States v. Hills*, 618 F.3d 619, 632 (7th Cir.

---

[1] On June 13, 2023, however, in 19-CF-595, 21-CF-197, 22-CM-5, 22-CF-90, 22-CF-208, and 23-CF-153, the following docket entry was entered:
> The Court notes that the People have filed a Motion to Substitute Judge as of Right pursuant to 725 ILCS 5/114-5(c). Based upon the statements contained in the aforesaid motion, and the Court being otherwise advised in the facts, circumstances, and premises concerning this matter, this Court FINDS, pursuant to *People ex rel. Baricevic v. Wharton*, 136 Ill.2d 423 (Ill. 1990), that there is prima facie evidence that the aforesaid substitution of judge motion has been filed to delay or avoid trial . . . ."

*See* 2019-CF-595 Record.

[2] On September 20, 2022, in 19-CF-595, the prosecution noted that Headrick was not in custody on this case and wanted to try 22-CF-314 first. *See* 2019-CF-595 Record.

[3] Headrick has made a speedy trial demand in other cases, and the docket entries suggest Saline County Court heard arguments on Headrick's speedy trial arguments and granted them in 2022-CF-314. Also, on May 12, 2023, at the final pretrial hearing in 2022-DV-50, Headrick's attorney reported that she has filed a motion to dismiss on the speedy trial issue. *See* 2022-DV-50 Record. The prosecution requested time to respond, but then filed a Motion to *Nolle Pros* on May 15, 2023.

2010) (acknowledging that "a defendant who cannot demonstrate prejudice with specificity will not show a Sixth Amendment violation, no matter how long the delay")).

Headrick's remaining grounds must be denied as he has not exhausted his state remedies or are grievances that should be addressed in an action under 28 U.S.C. § 1983. Absent exceptional circumstances, a petitioner may not file a federal habeas petition until he has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerkel*, 526 U.S. 838, 839 (1999). This includes raising every issue in the trial court and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court. *See* 28 U.S.C. § 2254(b); *O'Sullivan*, 526 U.S. at 845; *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010).

For these reasons, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED without prejudice**. All other pending motions are **DENIED as moot**.

A certificate of appealability is required to appeal from the dismissal or denial of a Section 2254 petition. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that, when entering a final order adverse to the petitioner, the district court must issue or deny a certificate of appealability. Except in special circumstances, a dismissal without prejudice is not a final appealable order, so a certificate of appealability is not required. *See Moore v. Mote*, 368 F.3d 754, 755 (7th Cir. 2004). Here, a certificate of appealability shall **not** be issued. Headrick has no basis for a determination that the Court's decision is

debatable or incorrect because Headrick has not made "a substantial showing of the denial of a constitutional right[,]" 28 U.S.C § 2253.

The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

If Headrick wishes to appeal the dismissal of this action, the notice of appeal must be filed with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Headrick plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Headrick does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on their prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

DATED:   August 10, 2023

*(signature)*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**